HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG,

---

TREASURER OF CHITTENDEN COUNTY *v.* HENRY H. MITCHELL.

*License Law. Recognizance.*

A recognizance, entered into by one bound up to the county court, by a justice of the peace, for a violation of the provisions of the license law of 1846, must be taken to the treasurer of the state. If taken to the treasurer of the county, no action can be sustained upon it.

SCIRE FACIAS upon a recognizance to the treasurer of the county of Chittenden, by one Samuel P. French as principal and the defendant as surety, conditioned, in the form required by the statute, that French, who was bound up to the county court, by a justice of

the peace, for a violation of the provisions of the license law of 1846, should make his personal appearance before the county court and abide such order as should be there made against him. The defendant demurred. The county court adjudged the declaration sufficient; to which decision the defendant excepted.

*L. E. Chittenden* for defendant.

The recognizance is taken to a person, who has no power to prosecute for any breach of it, and in direct violation of the provision of the statute; Rev. St. 468, § 15. We submit, that it is void.

*J. G. Saxe,* state's attorney.

The defendant was entitled to bail, as a matter of common right; and the bond should run to the treasurer of the treasury, into which the penalty goes. It is clearly an omission in the statute, which the court will supply.

The opinion of the court was delivered by

REDFIELD, J.   This case comes into this court on a demurrer to the declaration, which is upon a recognizance taken in a criminal case, to the county treasurer, for the appearance of the person accused before the county court. The offence was a violation of the license law of 1846, and the penalty goes into the county treasury. There is no special provision, to whom the recognizance shall be taken. The general law, Rev. St. 468, sec. 15 of chap. 106, provides, that, " Every recognizance, given by a person charged with a criminal offence,—conditioned for the appearance of such person before any county court, shall be taken to the treasurer of the state."

This seems to be sufficiently explicit, and it is impossible to say, the statute was not intended to effect just what its words import, a general rule upon the subject. There is no more inconvenience in having all recognizances taken in the name of the state treasurer, than in having all cases prosecuted in the name of the state. It would be just as well, if the law so provided, that all recognizances should be taken in the name of any other officer, as the treasurer.

The judgment below must be reversed, and judgment that the declaration is insufficient.